# Parker v. Robinson et al.

January 11, 1949.

Lester Hogge for appellant.

Thomas R. Burns for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming..

This suit involves the title to a four foot strip of ground located in Farmers, an incorporated town in Rowan County. Since there is no building or part of a building on the strip, it is doubtful if it is worth the costs of this litigation to the parties involved. Certainly it would seem not to be worth such costs to appellant for, if it belongs to him, it is part of a vacant lot grown up in weeds. It is of more apparent intrinsic value to the appellees, since the four foot strip is part of the driveway which leads to the paint and body shop located on the rear of appellees' lot, the front part of said lot being occupied by a concrete block garage owned and occupied by appellees. This suit was brought by appellees against appellant to quiet their title to the four feet in question, it being alleged that appellant was setting up a claim to said strip and was erecting a line of posts to enclose same and to deprive appellees of the four feet of ground to which they are entitled. Upon submission of the case, after taking considerable proof and after oral argument and after the Chancellor had viewed the property in dispute, a judgment was entered adjudging appellees the relief sought and quiet-

ing their title to the strip in controversy. Appellant prosecutes this appeal from that judgment.

Appellant and appellees own adjacent lots, which trace back to a common grantor, fronting on U. S. Highway 60, which runs east and west through the town and is generally referred to in the record as Main Street. Crossing this highway or street, and running north and south and at right angles thereto, is a cross road leading to Licking River and referred to in the record as Triplett Ave. Appellant's lot is described in the deed to him, dated January 5, 1922, as:

"Beginning at the corner of Main Street and Triplett Ave.; running with said Triplett Ave. to Laura Baker's line; thence with said Baker's line 66 feet to a set stone; thence to Main Street to a set stone 66 feet from the beginning."

Appellees' lot in the deed to them, dated September 8, 1945, is described as being on Main St. in Farmers, Ky., and:

"Beginning at the west corner of Parker's lot 66 feet from corner of Triplett Ave.; thence running with said Parker's line north to Mrs. Baker's line; thence west with Mrs. Baker's line to Louis Emory's line; thence south with said Emory's line to the Warren storehouse lot; thence with said storehouse lot east one foot from building to Main St.; thence with Main St. to the beginning."

It will thus be seen from the above descriptions, imperfect as they are, that appellant, Parker, has title to 66 feet by an unshown depth back to Mrs. Baker's line, at the northwest corner of Triplett Ave. and Main St., and the Robinsons, appellees, have title to an unshown frontage on Main St. by an unshown depth back to Mrs. Baker's line and beginning 66 feet from (west of) Triplett Ave. Now, in a properly platted city where correct plats and adequate records are available and the widths of the streets are known, the location of the correct line between these two lots would present no difficulty. The present situation is complicated by the fact that the width of Triplett Ave., which is part of the county road, is not shown in the record; by the fact that in rural areas property lines often run to the

center of the abutting road and that in the absence of adequate surveys, starting points are sometimes in the middle of a road, sometimes at the edge of the road, or of a sidewalk, and sometimes at a fence wherever it happens to be located.

In the description of appellees' land, as set out in the petition, and the deed filed as an exhibit, there is not a figure to show the size of their lot, either depth or frontage on Main St. The only definite figure in the description is that the beginning point is 66 feet from Triplett Ave. and that gives rise to the real controversy in the case which is: Where is the starting point? If it is on the inside of a four foot sidewalk which runs north and south on the west side of Triplett Ave., as appellant contends, then the four foot strip belongs to the appellant; if it is on the outside of this four foot walk, as appellees contend, then the four foot strip belongs to the appellees. The proof in this case as to whether the starting point is on the inside or the outside of the sidewalk, which runs along Triplett Ave., is in hopeless conflict. Appellant's proof tends to show this sidewalk is on "town" property, was never part of appellant's corner lot and, therefore, appellees' lot begins 66 feet from the inside of the sidewalk which, appellant contends, is the line of Triplett Ave. Appellees' proof tends to show that the sidewalk is not on "town" property but is on appellant's property and, therefore, appellees' lot begins 66 feet from the outside of this sidewalk. Perhaps the strongest evidence produced by the appellees was the proof of the location of one of the "set stones" referred to in appellant's description set out above. According to their proof, appellees uncovered what appeared to be a "set stone" about three inches wide set on end directly under the fence in Mrs. Baker's line; that measuring east from this stone the distance of 66 feet carried to about fifteen inches outside the sidewalk on Triplett Ave. Appellant introduced contradictory proof on this point and attempted to discredit it by showing that the "set stone" relied on was a haphazard stone wh'ch had perhaps been planted by someone for the purpose of this suit. Another significant item of proof produced by the appellees was that many years ago there was an old building, which later burned down, located at the southeast corner of appel-

lant's lot and that the stairway which led to the second floor of that building was located where the sidewalk on Triplett Ave. is now located, thus indicating that the lot now owned by appellant includes the land now occupied by the sidewalk and indicating that the proper starting point of appellees' lot would be on the outside rather than on the inside of that walk.

It would unnecessarily lengthen this opinion to analyze the conflicting testimony in this case. On a careful reading of it all we think it sustains the Chancellor in his findings of fact as to the proper location of the line between appellant's and appellees' property. Especially is this true where he has viewed the premises, as in this case, and reached the decision from the evidence in the light of the physical surroundings viewed by him. As we have often said, this court will not disturb the findings of fact of the Chancellor where the evidence is in conflict and raises no more than a doubt of the correctness of his decision. The judgment of the lower court is therefore affirmed.

Judgment affirmed.